IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-97-CR-0083-D(01) |
| | § | NO. 3-11-CV-0484-D |
| WILLIE FRANK KING | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Willie Frank King, a federal prisoner, has filed an application for writ of error *coram nobis*. For the reasons stated herein, this pleading should be treated as a motion to correct, vacate, or set aside sentence and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

A federal jury convicted defendant of conspiracy, possession with intent to distribute five kilograms or more of cocaine, and unlawful use of a communication facility in violation of 21 U.S.C. §§ 846, 841(a)(1) & 843(b). Punishment was assessed at 328 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. King*, 162 F.3d 93 (Table), 1998 WL 770653 (5th Cir. Oct. 13, 1998), *cert. denied*, 119 S.Ct. 1276 (1999). A section 2255 motion to correct, vacate, or set aside sentence was denied on the merits after an evidentiary hearing. *United States v. King*, No. 3-00-CV-0735-D (N.D. Tex. Jan. 18, 2001), *COA denied*, No. 01-10149 (5th Cir. Jan. 7, 2002), *cert. denied*, 123 S.Ct. 230 (2002). Two motions filed as writs of audita querela were construed as successive section 2255 motions and dismissed. *United States v. King*, No. 3-03-CV-1524-D, 2003 WL 21663712 (N.D.

Tex. Jul. 11, 2003), *rec. adopted*, (N.D. Tex. Jul. 28, 2003), *mtn. to alter or amend denied*, (N.D. Tex. Aug. 13, 2003), *COA denied*, No. 03-10869 (5th Cir. Feb. 17, 2004), *cert. denied*, 125 S.Ct. 438 (2004); *United States v. King*, No. 97-CR-0083-D, 2007 WL 2079712 (N.D. Tex. Jul. 17, 2007), *COA denied*, No. 07-10852 (5th Cir. Apr. 15, 2008), *cert. denied*, 129 S.Ct. 525 (2008). An application for writ of habeas corpus, in which defendant raised the same claims as his prior section 2255 motions, also was denied. *King v. Tamez*, No. 3-09-CV-0564-D, 2009 WL 4884148 (N.D. Tex. Dec. 17, 2009), *aff'd*, No. 10-10120, 2010 WL 5297748 (5th Cir. Dec. 23, 2010).

Undeterred, defendant now seeks relief through a writ of error *coram nobis* on the grounds that he was denied the right to representation at trial by the counsel of his choice and is actually innocent of the crimes for which he was convicted.

II.

A writ of error *coram nobis* is appropriate when the defendant is no longer in custody but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994), *quoting United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). Because defendant is presently "in custody" under the judgment he seeks to attack, *coram nobis* relief is not available. *See United States v. Varela*, No. 3-04-CV-2744-P, 2005 WL 1421772 at *2 (N.D. Tex. Jun. 13, 2005) (citing cases). Instead, defendant may challenge his conviction only in a motion brought under 28 U.S.C. § 2255. *Id.*

A.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214

(1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

### B.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the *fifth time* defendant has tried to collaterally attack his federal drug conviction. On April 15, 2008, the Fifth Circuit warned defendant that "any future frivolous or repetitive filings attempting to circumvent the successive-motion requirements of § 2255 will subject him to sanctions." *King*, No. 07-10852, Or. at 2. A second warning was issued to defendant by the Fifth Circuit on December 23, 2010. *King*, 2010 WL 5297748 at *1. Defendant has ignored those warnings by filing yet another frivolous motion, this time under the guise of an application for writ of error *coram nobis*, challenging his conviction. In order to deter such conduct in the future, defendant should be sanctioned $100.00 and barred from filing any other actions, motions, or pleadings of any kind in federal district court until the sanction is paid.

## **RECOMMENDATION**

Defendant's application for writ of error *coram nobis* should be treated as a second or successive section 2255 motion to correct, vacate, or set aside sentence and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In addition, defendant should be sanctioned $100.00 and barred from filing any other actions, motions, or pleadings of any kind in federal district court until the sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 10, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE